UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DEBRA I. DAILY,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL ASTRUE[1],<br>Commissioner of Social Security,<br><br>    Defendant. | NO. CV-12-00389-JLQ<br><br>MEMORANDUM OPINION;<br>ORDER RE: MOTIONS FOR<br>SUMMARY JUDGMENT |

Plaintiff appeals from the final decision of the Commissioner of the Social Security Administration ("Commissioner") which denied her application for Supplemental Security Income ("SSI"), after a hearing before an Administrative Law Judge ("ALJ"). This case, filed on June 8, 2012, was reassigned to the undersigned on August 1, 2013. Before the court are Cross-Motions for Summary Judgment. (ECF Nos. 17, 20). No Reply briefs were filed. Plaintiff is represented by attorney Rebecca Coufal. Defendant is represented by Assistant United States Attorney Pamela DeRusha and Special Assistant United States Attorney Nancy A. Michalanie. Jurisdiction to review the Commissioner's decision exists pursuant to

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the Defendant in this suit. No further action is necessary to continue this action by reason of the last sentence of 42 U.S.C. § 405(g).

ORDER - 1

42 U.S.C. §§ 405(g) and 1383(c)(3).

## I. LEGAL STANDARDS

### A. Sequential Evaluation

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if the impairments are of such severity that the claimant is not only unable to do her previous work but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987):

Step 1: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(b), 416.920(b). If she is, benefits are denied. If she is not, the decision maker proceeds to Step 2.

Step 2: Does the claimant have a medically severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404 Subpt. P App. 1. If the impairment meets or equals one of the listed

impairments, the claimant is conclusively presumed to be disabled.  If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to Step 4.

Step 4: Does the impairment prevent the claimant from performing work she has performed in the past?  20 C.F.R. §§ 404.1520(e), 416.920(e).  If the claimant is able to perform her previous work, she is not disabled.  If the claimant cannot perform this work, the inquiry proceeds to the Fifth and final Step.

Step 5: Is the claimant able to perform other work in the national economy in view of her age, education and work experience?  20 C.F.R. §§ 404.1520(f), 416.920(f).

The initial burden of proof rests upon the Plaintiff to establish a prima facie case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971).  The initial burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation.  The burden then shifts to the Commissioner to show (1) that the claimant can perform other substantial gainful activity and (2) that a "significant number of jobs exist in the national economy" which claimant can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.    Standard of Review**

This court's role on review of the decision of the ALJ is limited.  The court reviews that decision to determine if it was supported by substantial evidence and contains a correct application of the law.  *Valentine v. Comm'r. Soc. Sec. Admin,* 574 F. 3d 685,690 (9th Cir. 2009).  This court is obligated to affirm the ALJ's findings if the are supported by substantial evidence and the reasonable inferences to be drawn therefrom.  *Molina v. Astrue*, 674 F. 3d 1104, 1110-11 (9th Cir. 2012)**.**  Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion.

"The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence and the [Commissioner] applied the proper legal standards." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989). This court may set aside a denial of benefits only if the basis for denial is not supported by substantial evidence or if it is based on legal error. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). It is the role of the trier of fact, not this court, to resolve conflicts in the evidence. *Richardson*, 402 U.S. at 400. If the evidence supports more than one rational interpretation, the court must uphold the decision of the ALJ. *Thomas*, 278 F.3d at 954 (9th Cir. 2002).

## II. PROCEDURAL HISTORY

Plaintiff, a now fifty year old female (born in 1962), first filed an application for Disability Insurance Benefits ("DIB") on April 10, 2009, alleging an onset date of January 12, 2009 due to the effects of "growth spurs, heart murmur, cirrhosis," and "fatty liver." (Tr. 144). She alleged as a result of these conditions she was limited in how long she could sit, stand, and walk, and how much she could lift. She claimed she could not bend, stoop, kneel, squat or crawl and that she suffered from severe fatigue, dizziness, difficulty sleeping, and shortness of breath. (Tr. 145). Plaintiff's application was denied initially and on

reconsideration. (Tr. 17). On February 25, 2011 the ALJ issued her decision finding Plaintiff not disabled. (Tr. 17-26).

Plaintiff subsequently submitted a letter brief to the Appeals Council through new counsel, and requested review of the ALJ's decision. The Appeals Council denied her request on May 10, 2012 (Tr. 1-6), making the ALJ's ruling the "final decision" of the Commissioner as the term is defined by 42 U.S.C. § 405(g). Plaintiff now seeks judicial review of the Commissioner's final decision. (ECF No. 1).

### III.  FACTUAL BACKGROUND

The facts are contained in the medical records, administrative transcript (ECF No. 11)("Tr."), and the ALJ's decision, and are only briefly summarized here.

**1.    Plaintiff's History**

Plaintiff was born in 1962 and was 48 years old at the time of the administrative hearing. She graduated from Wilbur High School and during school needed resource room assistance. Plaintiff lives with her husband, and has two adult children of her own and an adult step-son. Plaintiff has worked as a housekeeper at assisted living facilities, a cabinet maker for Huntwood Industries (hand gluing door parts and transferring wood skins from one conveyor to another), and an assembly press operator/hardware installer for a metal fabrication company, Accrafab. (Tr. 157-163). Her last job as a janitor for Varsity contractors ended in January 2009 when she decided it was "too much" after she tripped and fell with an industrial backpack vacuum cleaner on. (Tr. 46). She has a drivers license and can drive. (Tr. 445). At the time of her disability application in 2009 she was 5'6" tall and weighed 293 pounds, though a 2010 medical record shows a decreased weight of 279 and a body mass index of 45.03. She is still deemed morbidly obese. (Tr. 144, 417).

**2.     Commissioner's Findings**

Before this court is the appeal of ALJ Ausem's February 25, 2011 decision finding Plaintiff not disabled since April 10, 2009. The ALJ found at Step 1 that Plaintiff had not engaged in substantial gainful activity since January 12, 2009, the alleged onset date. (Tr. 19). At Step 2, the ALJ determined that Plaintiff had the following severe impairments: obesity, hypertension, obstructive sleep apnea, post cholecystectomy with postoperative hemmorrhage, depressive disorder not otherwise specified, borderline intellectual functioning, and personality disorder with dependent features.

At Step 3, the ALJ determined that the Plaintiff's impairments, alone or in combination, did not meet or medically equal one of the listed impairments in 20 CFR Pt. 404 Subpt. P App 1 (Listings).

At Step 4, the ALJ determined the Plaintiff had the residual functional capacity ("RFC") to perform light work, but with non-exertional limitations of performing semi-skilled tasks and superficial interaction with the general public. (Tr. 21). Based upon this determination of Plaintiff's RFC, the ALJ concluded Plaintiff could perform her past relevant work as a cleaner, cabinet assembler, assembly press operator, and production assembler. (Tr. 25). Alternatively, at Step 5, the ALJ, relying upon testimony of a vocational expert, concluded that there are jobs that exist in significant numbers in the national economy that the claimant can perform, including sewing machine operator, production assembler, and cashier. (Tr. 26). The ALJ then noted that even had she found that Plaintiff was restricted to a sedentary level of exertion, she would not be disabled as the same jobs still existed in significant numbers at the sedentary level. (Tr. 26).

Accordingly, the ALJ concluded that Plaintiff was not disabled, as defined by the Social Security Act, from January 12, 2009 through the date of the decision, February 25, 2011.

ORDER - 6

### III. ISSUES

In her Motion, Plaintiff solely contends errors in the ALJ's decision "require this matter be at the least remanded for another hearing." (ECF No. 18). Plaintiff contends the ALJ erred because: (1) the ALJ, at Step 2, failed to include as severe impairments plantar fasciitis, backache and elbow tendonitis; (2) the ALJ did not "have the basis to find Daily less than fully credible" regarding her characterization of the extent of her impairments; (3) the ALJ's hypothetical questions to the vocational expert did not account for all of plaintiff's physical limitations and restrictions due to the error at Step 2; and (4) the ALJ failed to "flesh[] out the record with an [sic] ME [medical expert].

The court notes that in her brief to this court, Plaintiff attempts to incorporate, by reference (and without citation), the arguments made in her April 21, 2011 letter brief submitted by counsel to the Appeals Council (Tr. 222). (ECF No. 18 at 7)("Daily incorporates the letter briefs to the AC and the transcript of the records in this Memorandum knowing the court will thoroughly review the record."). The court has located a single brief filed with the Appeals Council, wherein Plaintiff made two entirely distinct arguments from those in Plaintiff's Motion herein. First, Plaintiff argued to the Appeal Council that the ALJ erred in failing to find her *asthma* and *COPD* as severe impairments; and next, that the ALJ erred by finding her capable of semi-skilled work when her depression and personality disorder would not enable her to perform "anything beyond unskilled work." (Tr. 222).

Plaintiff's attempted incorporation of her Appeals Council brief without discussion in her Memorandum in support of her summary judgment motion in this court might be construed as an attempt to avoid the court's 20-page limitation for summary judgment memoranda. Local Rule 7.1(e). Furthermore, litigants must specifically outline and discuss the factual and legal issues in their appellate briefs to this court. Otherwise, the court may consider the argument abandoned. *See*

ORDER - 7

*Miller v. Fairchild Indus., Inc.,* 797 F.2d 727, 738 (9th Cir.1986)(the court "will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief." )*; United States v. Kimble*, 107 F.3d 712, 715 n. 2 (9th Cir. 1997) (arguments "not coherently developed" in appellate briefs are waived on appeal); *Ehrhart v. Secretary of Health and Human Servs.*, 969 F.2d 534, 537 n.5 (7th Cir. 1992)(the issue of whether the treating physician's opinion was properly evaluated "drops out because it is a no-show in the body of the brief."). The court has observed that Plaintiff's counsel has utilized this incorporation procedure in other social security appeals in this district. Counsel would be well advised to discontinue the practice of attempted incorporation of legal argument not otherwise addressed in the memorandum before the court.

## IV. DISCUSSION

### A. Step Two

Plaintiff contends the ALJ should have found that plantar fasciitis, elbow tendonitis and backache were severe impairments. (ECF No. 18 at 8-11). At Step 2 of the evaluation process, the ALJ must determine if an impairment is "severe." 20 C.F.R. § 404.1520, § 416.920. An impairment is "not severe" if it does not "significantly limit" a claimant's mental or physical abilities to do basic work activities. 20 C.F.R. § 404.1520(a)(4)(iii), (c), § 416.920(a)(4)(iii), (c); see also Social Security Ruling ("SSR") 96–3p, 1996 WL 374181 *1. Basic work activities are those "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521(b), § 416.921(b); SSR 85–28, 1985 WL 56856 *3.

An impairment is not severe if the evidence only establishes a slight abnormality that has "no more than a minimal effect on an individual[']s ability to work." SSR 85–28, 1985 WL 56856 *3; *see also Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996); *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir.1988). Plaintiff has the burden of proving that her "impairments or their symptoms affect her ability to perform basic work activities." *Edlund v. Massanari*, 253 F.3d 1152,

ORDER – 8

1159–60 (9th Cir. 2001); *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998).

Plaintiff contends "[t]he evidence in the file supports finding the above noted physical problems severe," but does not explain what this evidence is or cite any portion of the record supporting such a finding. Notably, none of these conditions were claimed by Plaintiff as a cause of disability in her application for benefits. In April 2007, Plaintiff was diagnosed with "chronic plantar fasciitis"in the left foot and excessive and prolonged pronation by podiatrist Donald Grim, D.P.M.  During the exam, Plaintiff advised that her heel had been hurting for 11 years (Tr. 392), a time frame during which Plaintiff maintained employment.  Grim recommended consideration of custom orthotics. Though Plaintiff's subsequent medical records lists "foot pain" in the list of Plaintiff's "Problems," the last treatment note showing a complaint or record for treatment of foot pain was January 2008 which notes that "naprosyn [sic] works well to control sxs [symptoms]."  (Tr. 254).  Plaintiff did not prove her plantar fasciitis constituted a severe impairment and the ALJ's failure to so find was not erroneous.  Likewise, there is no history of any complaints or treatment for elbow tendonitis in the record since August 2006, when Plaintiff started moving heavy lumber at her workplace (Tr. 273).  There is no evidence in the record that this condition has persisted during the relevant period since January 2009.

Finally, concerning alleged backache, in a footnote in her brief, Plaintiff states "the backache has support in the lumbar and thoracic spine series done November 8, 2008." Plaintiff was referred for x-rays due to Plaintiff's fall at work in early November, 2008.  (Tr. 351). The thoracic spine result was "unremarkable." (Tr. 352).  The lumbar spine result recommended a MRI "for better correlation" and noted "endplate sclerotic changes...with small osteophyte projecting posteriorly..." On February 5, 2009, Plaintiff had an appointment with her primary physician for backache.  She was advised to take Tylenol and have an MRI. (Tr. 247).  The record does not reflect that an MRI was performed or any follow up

ORDER - 9

treatment for her back. (Tr. 427).  As noted by the ALJ, Plaintiff only sought medical attention on 3 occasions in 2009.  A January 2010 treatment record noted Plaintiff was "pain free." (Tr. 417).  The ALJ did not err by not finding Plaintiff's back pain to be a severe impairment during the relevant period.

Within Plaintiff's Step 2 argument, Plaintiff also contends the ALJ failed to "flesh[] out the record with an [sic] ME [medical expert]."  The ALJ's duty to further develop the record is triggered only when record evidence contains ambiguous evidence or is inadequate to allow for proper evaluation of the evidence.  *Mayes v. Massanari*, 276 F.3d 453 (9th Cir. 2001).  The record before the ALJ was neither ambiguous nor inadequate.

Although an ALJ's inquiry at Step 2 is based upon a *de minimis* standard, not all impairments are severe as the mere diagnosis does not speak to its severity.  The court accordingly finds the ALJ's failure at Step 2 to find plantar fasciitis, elbow tendonitis, and backache as severe impairments does not constitute reversible error.

**B.   Credibility**

The ALJ's decision herein includes the often seen assessment in social security decisions that while Plaintiff's impairments could reasonably be expected to cause some of the alleged symptoms, the "claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with" an RFC of a limited range of light work or alternatively, sedentary work.  (Tr. 22). Plaintiff alleges a remand is warranted because the ALJ did not "have the basis to find Daily less than fully credible" regarding her characterization of the extent of her impairments.

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)*; Nyman v. Heckler*, 779 F.2d 528, 531 (9th Cir. 1986). "[T]he ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5) (A)." *Molina v.*

ORDER - 10

*Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (internal quotation marks and citation omitted). In evaluating a claimant's subjective symptom testimony, an ALJ engages in a two-step analysis. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment [that] could reasonably be expected to produce the pain or other symptoms alleged ." *Id*. at 1036 (internal quotation marks omitted). If such objective medical evidence exists, the ALJ may not reject a claimant's testimony "simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged." *Smolen*, 80 F.3d at 1282 (emphasis in original). When the ALJ finds a claimant's subjective complaints not credible, the ALJ must make specific findings that support the conclusion. *Berry v. Astrue*, 622 F.3d 1228, 1234 (9th Cir.2010). Absent affirmative evidence of malingering, those findings must provide "clear and convincing" reasons for rejecting the claimant's testimony. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). If the ALJ's credibility finding is supported by substantial evidence in the record, the reviewing court "may not engage in second-guessing." *Thomas*, 278 F.3d at 959.

    At the administrative hearing, Plaintiff testified she only slept 3-4 hours per night as she only used her CPAP half the night, resulting in daytime fatigue. (Tr. 47). She also testified that depression causes her to feel tired all the time and lack interest in doing anything. (Tr. 50). She claimed that during the day she tried to prepare meals, but tired easily and needed to rest every fifteen minutes due to back pain. She claimed she could only lift five pounds comfortably and stand 10-15 minutes at a time due to back and foot pain. (Tr. 48, 54).

    Remand is not warranted based upon the ALJ's credibility finding. The ALJ's standard statement is followed by a specific discussion of the reasons which factored into the ALJ's credibility assessment. First, the ALJ considered the contradictory facts contained in the Plaintiff's treatment notes including evidence

ORDER - 11

that her symptoms were being managed by treatment and evidence she was able to manage her daily activities "without issues." The evidence reviewed by the ALJ also noted that Plaintiff did not suffer from extreme fatigue or have difficulty with walking or balance. (Tr. 384).

The ALJ did not rely solely upon the conflicts identified between the medical evidence and the Plaintiff's allegations. The ALJ found the claimant's "meager course of treatment" and treatment lapses, were inconsistent with the allegation of disabling symptoms, including alleged significant difficulties standing and walking, as well as mental impairment. Plaintiff specifically argues this part of the ALJ's credibility assessment was in error because it "seem[ed] to circle around how seldom she went to the doctor" and the ALJ "chose not to ask Daily why she did not go to the doctor more often." (ECF No 18 at 13, 10). However, according to Agency rules, a claimant's statements may be less credible if the level or frequency of treatment is inconsistent with the level of complaints. See 20 C.F.R. § 404.1529(c)(3)(v) (an ALJ may consider the conservative nature of claimant's treatment); SSR 96–7p (an "individual's statements may be less credible if the level or frequency of treatment is inconsistent with the level of complaints"); *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir.1995) (inconsistencies between the record and medical evidence supports a rejection of a claimant's credibility; no medical treatment or a conservative level of medical treatment has been found to suggest a lower level of pain and functional limitations).

Finally, the ALJ noted the Plaintiff's level of daily living undermined her subjective complaints. These included her ability to drive, cook, clean, do laundry, watch television, use a computer to play games and check e-mail, leave the home, grocery shop, and visit her daughter and sister. (Tr. 23). Because the ALJ considered many of the credibility factors provided by 20 C.F.R. § 404.1529 in reaching her credibility determination, the court finds that determination adequately supported. Under such circumstances, where the ALJ's credibility

determination is supported by substantial evidence the court will "not engage in second guessing."

## C.  Step Five - Vocational Expert Testimony

Finally, Plaintiff contends the ALJ's hypothetical questions to the vocational expert did not account for all of Plaintiff's physical limitations due to the claimed error claimed at Step 2.  Plaintiff contends this includes the walking limitations from plantar fasciitis, "*possible* sitting limitations from the ongoing back ache/pain," or "lifting limitations which *might* result from the elbow tendonitis." (ECF No. 18 at 15)(emphasis added).

An ALJ's findings will be upheld if the weight of the medical evidence supports the hypothetical posed by the ALJ. *See Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1987); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence. *See Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). The ALJ's description of the claimant's disability "must be accurate, detailed, and supported by the medical record." *Id.* (citations omitted). The ALJ, however, may omit from that description those limitations she finds do not exist. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

At the hearing, the ALJ posed a hypothetical question to the vocational expert containing the limitations of sedentary exertional activity, semi-skilled tasks, and no exposure to pulmonary irritants.  The ALJ then asked the vocational expert to consider the additional restriction of no more than superficial contact with the general public. (Tr. 61-63). In response, the vocational expert testified that an individual with those limitations—and with the same age, education and work experience as plaintiff—would be able to perform other jobs, including sewing machine operator, production assembler, and cashier 2. (Tr. 62-63). Based on the testimony of the vocational expert, the ALJ found plaintiff would be capable of performing other jobs existing in significant numbers in the national economy

whether limited to light or sedentary level of exertion. Tr. 25-26. As the ALJ was not required to include hypothetical limitations not supported by substantial evidence pertaining to the relevant period, the ALJ did not err in framing the hypothetical questions or relying upon the vocational expert's testimony.

## V.  CONCLUSION

The court, in its limited role, finds that the Commissioner's and ALJ's decision is supported by substantial evidence in the record and is based on proper legal standards. It must therefor be Affirmed. *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 17) is **DENIED**.

2. Defendant's Motion for Summary Judgment (ECF No. 20) is **GRANTED**.

3. The Clerk is directed to enter Judgment dismissing the Complaint and the claims therein with prejudice.

IT IS SO ORDERED. The District Court Executive is directed to file this Order, enter Judgment as directed above, and close this file.

Dated this 25th day of September, 2013.

                s/ Justin L. Quackenbush
                JUSTIN L. QUACKENBUSH
        SENIOR UNITED STATES DISTRICT JUDGE